IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


JOHNNY HOLLIDAY                                                          PLAINTIFF


v.                                    Civil No. 6:15-CV-06041-SOH-MEF


SHERIFF DAVID NORWOOD, JAIL                                            DEFENDANTS
ADMINISTRATOR NATHAN GREELEY, and
JAILER JUSTIN CREECH


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Johnny Holliday, pursuant to 42 U.S.C. § 1983.

Plaintiff is currently incarcerated in the Arkansas Department of Corrections ("ADC"), Benton Unit.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey,

United States District Judge, referred this case to the undersigned for the purpose of making a report and

recommendation.

Currently before me is a Motion for Summary Judgment by Defendants Norwood and Greeley.[1]

(Doc. 26)    After careful consideration, the undersigned makes the following Report and

Recommendation.

### I. BACKGROUND

Plaintiff filed his Complaint on April 29, 2015.  (Doc. 1)  He amended his Complaint on May

28, 2015, adding Jailer Justin Creech to the Complaint.  (Doc. 6)  Based on the two Complaints, Plaintiff

alleges a delay and denial of medical care and an ineffective grievance process.  Specifically, Plaintiff

alleges he "had to" sleep on a top bunk while incarcerated in the Ouachita County Detention Center

---

[1] Defendant Creech has not been served.  However, as discussed below, Plaintiff failed to state a cognizable claim against him.

(OCDC).  At some point during the month of October 2014, Plaintiff slipped while climbing up to his bunk and scraped his armpit.  This scrape resulted in a large lump on his back.  Plaintiff alleges he filed several medical requests, but he did not see a doctor until December 17, 2014.  Plaintiff further alleges there was no grievance procedure and, therefore, no due process available in the facility.  (Doc. 1, pp. 11-12)  In his Amended Complaint, Plaintiff alleges Defendant Jailer Creech responded to his medical request forms.  (Doc. 6, p. 4)

Plaintiff originally proceeded against Defendant Norwood and Greeley in their personal capacity only.  (Doc. 1)  In his Amended Complaint he proceeds against Defendant Jailer Creech and Jail Administrator Greeley in both official and personal capacity, and against Defendant Norwood in personal capacity.  Plaintiff seeks appointment of an attorney, a full investigation of the OCDC, and monetary damages of $100,000.00 for physical and mental pain and suffering.  (Doc. 1, p. 14)  Defendants filed their Summary Judgment Motion on January 30, 2017.  (Doc. 26)  Plaintiff responded through a Court-provided questionnaire on May 22, 2017.  (Doc. 30)

## II.  LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).  The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the non-moving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324

(1986).  The Court must view all evidence and inferences in a light most favorable to the nonmoving

party.  *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012).  However, "[w]hen

opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that

no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of

ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  DISCUSSION

Defendants Norwood and Greeley argue summary judgment is appropriate as to the claims

against them because: 1) they did not have any personal involvement with Plaintiff's medical care; 2)

they are not medical staff, and Plaintiff cannot show any harm from the purported denial or delay in

medical treatment; 3) there is no constitutional right to the answering of grievances; 4) the County

Defendants are entitled to qualified immunity; and, 5) there is no basis for any official capacity claims.

(Doc. 27)

### A.     *Denial or Delay of Medical Care*

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory

of liability.  *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978).  "[A] supervisor is

not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity."  *White v.*

*Holmes*, 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)

("general responsibility for supervising the operations of a prison is insufficient to establish the personal

involvement required to support liability").  "Liability under section 1983 requires a causal link to, and

direct responsibility for, the deprivation of rights.  To establish personal liability of the supervisory

defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for,

a deprivation of his constitutional rights."  *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007)

(quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)).  In other words, Defendants cannot

be held liable merely because they hold supervisory position at the Ouachita County Detention Center. Further, "if any claim of medical indifference . . . is to succeed, it must be brought against the individual directly responsible for [Plaintiff's] medical care." *Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994).

In his Summary Judgment Response, Plaintiff stated he was suing Defendant Norwood because he is the top ranking officer of the jail. He stated he was suing Defendant Greeley for the same reason, but that Defendant Greeley was "closer" to the matter. (Doc. 30, p. 2) Both Norwood and Greeley submitted affidavits stating they were not part of the medical staff and were not made aware of any medical issues concerning Plaintiff. (Docs. 28-2, 28-3) Plaintiff's personal capacity claims against Defendants Norwood and Greeley are based solely on the theory of *respondeat superior* liability. His denial of medical care claim against Defendants Norwood and Greeley should be dismissed as a matter of law.

Likewise, Plaintiff's only claim against Defendant Jailer Creech was that he responded to Plaintiff's medical request forms. (Doc. 6, p. 4) Plaintiff submitted several of these forms with his Amended Complaint. The forms are dated in April and May of 2015, several months after the timeframe of Plaintiff's Complaint. (Doc. 6, pp. 6-9) On each of these forms, Defendant Creech wrote that he either provided a requested form to Plaintiff, or forwarded Plaintiff's request to Dr. Deluca. Defendant Jailer Creech is not identified as a member of the medical staff. Plaintiff does not allege that Defendant Creech delayed his response to his requests, or otherwise acted to delay, deny, or otherwise interfere with medical treatment. A review of the forms provided by Plaintiff indicate each response by Creech was made within a few days of when Plaintiff signed the request. Merely responding to a request or grievance, alone, does not make the responder liable under § 1983. *See Rowe v. Norris,* 198 F.App'x 579, *1 (8th Cir. 2006) (unpublished) (per curiam) (administrator's limited involvement of responding to grievances was insufficient to impose liability); *Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002)

4

(denial of grievances did not state substantive constitutional claim).  Plaintiff has, therefore, failed to state a plausible personal capacity claim against Defendant Creech for denial or delay of medical care.

### B.     Lack of Grievance Process

Plaintiff alleges Defendant Greeley was the Grievance Administrator, and that he did not respond to grievances.  (Doc. 6, p. 5)  He also alleges the process itself is ineffective because inmates are not given copies of the grievances and no numbers are assigned for traceability.  (Doc. 1, p. 12)

"Inmates do not have a constitutionally protected right to a grievance procedure.  Because a . . . grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the ... grievance procedure is not actionable under § 1983."  *Ashann–Ra v. Commonwealth of Virginia,* 112 F.Supp.2d 559, 569 (W.D. Va. 2000) (citations omitted); *see also Lombolt v. Holder,* 287 F.3d at 684 (denial of grievances does not state a substantive constitutional claim); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) ("no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration"); *Adams v. Rice,* 40 F.3d 72, 74 (4th Cir. 1994) (inmates have no constitutional right to grievance procedure); *Blagman v. White,* 112 F. Supp.2d 534 (E.D. Va. 2000) (inmate has no constitutional entitlement to grievance procedure), *aff'd,* 3 F.App'x 23 (4th Cir. 2001).

"Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts."  *Blagman,* 112 F.Supp.2d at 542 (citing *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991)).  A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available."  *Id.* (citation omitted).  "[A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."  *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005).

Plaintiff was able to receive and file a § 1983 Complaint form, and then file an Amended Complaint with this Court.  He was also able to respond to Defendants' Summary Judgment Motion.

There is no genuine issue of material fact that either Defendant Greeley's failure to answer his grievances, or any alleged deficiencies in the OCDC grievance process itself, violated Plaintiff's constitutional rights, and his claim should be dismissed as a matter of law.

### C.    Official Capacity Claims

Plaintiff has identified no policy or custom of Ouachita County which violated his constitutional rights. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained in the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d at 914. "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

Plaintiff was asked if his alleged denial of medical care or lack of access to grievances was the result of a custom or policy of Ouachita County. Plaintiff checked "Yes," and stated "if negligence remains the current policy." (Doc. 30, p. 4)

6

As discussed above, there is no constitutional right to a grievance policy.  Further, for denial or delay of medical care to rise to the level of a constitutional violation, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation.  Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct."  *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).  Thus, Plaintiff's allegation that OCDC has a policy or custom of being negligent is not sufficient to state a constitutional violation.

Based on the above discussion, there are no questions of material fact remaining, and Defendants are entitled to judgment as a matter of law.

## IV.  CONCLUSION

For the foregoing reasons, I recommend Defendants' Motion for Summary Judgment (Doc. 26) be **GRANTED**, and that Plaintiff's Complaint be dismissed against all remaining parties with prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of July, 2017.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE