IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LEE BAKER                                                                                          PLAINTIFF

v.                                    Case No. 6:15-cv-6041

SHERIFF DAVID NORWOOD; JAIL
ADMINISTRATOR NATHAN GREELEY;
and JAILER JUSTIN CREECH                                                                DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed July 20, 2017, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 31. Judge Ford recommends that Defendants' Motion for Summary Judgment (ECF No. 26) be granted.[1] Plaintiff has responded with objections. ECF No. 32. The Court finds the matter ripe for consideration.

Plaintiff is currently incarcerated in the Arkansas Department of Correction, Benton Unit, and files this civil action pursuant to 42 U.S.C. § 1983, alleging a denial of medical care and an ineffective grievance process while he was incarcerated in the Ouachita County Detention Center. Plaintiff is proceeding against Defendant Greeley in both his official and individual capacity. Plaintiff is proceeding against Defendant Norwood in his individual capacity. Specifically, Plaintiff alleges that, after falling from his top bunk, his medical requests were ignored for several weeks. He also alleges that there was no grievance procedure.

Defendants Greeley and Norwood submitted affidavits stating that they were not part of the medical staff and were not made aware of any medical issues concerning Plaintiff. ECF Nos. 28-2, 28-3. Thus, Judge Ford concluded that Plaintiff's individual capacity claims against

---

[1] Defendant Creech has not been served, and Plaintiff has indicated that he did not intend to add Defendant Creech to his amended complaint. ECF No. 32, p. 1. Thus, all claims against Defendant Creech are dismissed without prejudice.

Defendants Greeley and Norwood were based solely on the theory of *respondeat superior* liability and should be dismissed as a matter of law.[2]  *See Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994) ("[I]f any claim of medical indifference . . . is to succeed, it must be brought against the individual directly responsible for [Plaintiff's] medical care.").

Plaintiff's sole objection deals with the finding in the Report and Recommendation that Defendant Greeley was not aware of any medical issues concerning Plaintiff. Plaintiff's objection states that Greeley's "statement is not truthful" because Plaintiff spoke to Greeley about his "problem" and "the whole detention center know [sic] about this." ECF No. 32, p. 1. However, Plaintiff does not point to any evidence in the record that would support a finding that Greeley knew about Plaintiff's medical issues. Because there is no evidence in the record to refute Greeley's sworn statement that he was not aware of Plaintiff's medical issues, Defendant Greeley is entitled to summary judgment on the denial of medical care claim.

Based on its own de novo review, the Court overrules Plaintiff's objection and adopts the Report and Recommendation *in toto*. ECF No. 31. Accordingly, Defendants' Motion for Summary Judgment is **GRANTED**, and all claims against Defendant Greeley in both his official and individual capacities and Defendant Norwood in his individual capacity are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 25th day of August, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] Judge Ford also concluded that Defendants were entitled to summary judgment regarding Plaintiff's ineffective grievance process claim against Defendants in their individual capacities and all official capacity claims against Defendant Greeley. Plaintiff made no specific objections to the Report and Recommendation regarding these claims.